<u>NOT FOR PUBLICATION</u>

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|   |   |
|---|---|
| BENJAMIN W. NUDGE, | : |
| Petitioner, | : Civil Action No. 09-3430 (DMC) |
| v. | : O P I N I O N |
| NEW JERSEY STATE PAROLE BOARD, et al., | : |
| Respondents. | : |

**APPEARANCES:**

Benjamin W. Nudge, <u>Pro Se</u>
204039/SBI 431
Northern State Prison
168 Frontage Road
Newark, NJ 07114

Christopher C. Josephson
Office of the NJ Attorney General
25 Market Street
Trenton, NJ 08625
Attorney for Respondents

**CAVANAUGH, District Judge**

    Petitioner Benjamin W. Nudge, a prisoner confined at the Northern State Prison, Newark, New Jersey, submitted this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.[1]  The respondents are the New Jersey State Parole Board

---

    [1] Section 2254 provides in relevant part:

    (a) The Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State

("NJSPB"), Larry Glover, the administrator of the prison, and Anne Milgram, former Attorney General for the State of New Jersey. Respondents have filed an answer to the petition, to which Petitioner has replied. For the following reasons, the petition will be denied.

## BACKGROUND

Petitioner states that on May 23, 1997, eight months after being paroled, he was forced to accept a "(90) Ninety day H.I.D.P." contract which included a 10:00 p.m. to 6:00 a.m. curfew and alcohol "refrain." (Petition, ¶ 6). His parole was revoked, as "the result of the lie by an agent of the state, Diana Farrell, district parole officer, and that officials both D.O.C. and parole, are using false information to justify [his] continued incarceration." (Petition, ¶ 8).

Petitioner argues that he did not violate parole by failing to adhere to the curfew and alcohol refrain. (Petition, Ground One). He also argues that the most recent imposition of a 60 month parole future ineligibility term violated New Jersey law because he has been in custody over 12 years, "on solely an alleged technical violation of parole without 'any' new convictions," and that the New Jersey Administrative Code cites 10 years as the limit. (Petition, Ground Two). Petitioner

---

court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.

further asserts that he should be granted post-conviction relief ("PCR") because his appellate counsel was ineffective. (Petition, Ground Three). He also argues that the Parole Board "meaningly and willfully delayed hearings," ignored the Administrative code, and used erroneous information to justify his continued confinement. (Petition, Conclusion). Petitioner seeks a hearing for the purposes of overturning his revocation of parole. (Petition, Relief Sought).

## DISCUSSION

A.  <u>Standards Governing Petitioner's Claims.</u>

As amended by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), 28 U.S.C. § 2254 now provides, in pertinent part:

> (a) The Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.

With respect to any claim adjudicated on the merits in state court proceedings, the writ shall not issue unless the adjudication of the claim

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

A state court decision is "contrary to" Supreme Court precedent "if the state court applies a rule that contradicts the governing law set forth in [Supreme Court] cases," or "if the state court confronts a set of facts that are materially indistinguishable from a decision of th[e] Court and nevertheless arrives at a result different from [the Court's] precedent." Williams v. Taylor, 529 U.S. 362, 405-06 (2000) (O'Connor, J., for the Court, Part II). A state court decision "involve[s] an unreasonable application" of federal law "if the state court identifies the correct governing legal rule from [the Supreme] Court's cases but unreasonably applies it to the facts of the particular state prisoner's case," and may involve an "unreasonable application" of federal law "if the state court either unreasonably extends a legal principle from [the Supreme Court's] precedent to a new context where it should not apply or unreasonably refuses to extend that principle to a new context where it should apply," (although the Supreme Court expressly declined to decide the latter). Id. at 407-09. To be an "unreasonable application" of clearly established federal law, the state court's application must be objectively unreasonable. See id. at 409. In determining whether the state court's application of Supreme Court precedent was objectively unreasonable, a habeas court may consider the decisions of

4

inferior federal courts. See <u>Matteo v. Superintendent</u>, 171 F.3d 877, 890 (3d Cir. 1999).

The deference required by § 2254(d) applies without regard to whether the state court cites to Supreme Court or other federal case law, "as long as the reasoning of the state court does not contradict relevant Supreme Court precedent." <u>Priester v. Vaughn</u>, 382 F.3d 394, 398 (3d Cir. 2004) (citing <u>Early v. Packer</u>, 537 U.S. 3 (2002); <u>Woodford v. Visciotti</u>, 537 U.S. 19 (2002)).

Finally, a pro se pleading is held to less stringent standards than more formal pleadings drafted by lawyers. See <u>Estelle v. Gamble</u>, 429 U.S. 97, 106 (1976); <u>Haines v. Kerner</u>, 404 U.S. 519, 520 (1972). A pro se habeas petition and any supporting submissions must be construed liberally and with a measure of tolerance. See <u>Royce v. Hahn</u>, 151 F.3d 116, 118 (3d Cir. 1998); <u>Lewis v. Attorney General</u>, 878 F.2d 714, 721-22 (3d Cir. 1989); <u>United States v. Brierley</u>, 414 F.2d 552, 555 (3d Cir. 1969), <u>cert. denied</u>, 399 U.S. 912 (1970).

B.  **<u>The Petition Must Be Denied.</u>**

Petitioner's claims concerning his 1997 parole revocation were previously raised in this Court and rejected. In <u>Nudge v. Sherrer</u>, 03-cv-4064 (WHW), the Honorable William H. Walls, U.S.D.J., dismissed Petitioner's petition because the 1997 parole revocation issue was unexhausted, and because, if Petitioner was

5

challenging future parole denials, his claims were without merit. See id. (docket entry 22, Opinion, November 17, 2005).

For the reasons extensively set forth in that Opinion, Petitioner's 1997 claims concerning his parole revocation remain unexhausted and without merit. As explained by Judge Walls, Petitioner's claim that he is actually innocent of the parole revocation charges are unexhausted because Petitioner did not file an administrative appeal from the parole revocation decision to the full Parole Board, nor did he file an appeal to the Appellate Division. (Opinion, p. 12). As to Petitioner's challenge to his 2002 denial of parole and extended future eligibility term ("FET"), Judge Walls held that the claims were without merit because Petitioner had not shown that the Appellate Division or Parole Board applied an incorrect standard to the determination to deny him parole, and because Petitioner did not demonstrate that the state board and courts' decisions involved an unreasonable application of clearly established federal law, or an unreasonable determination of facts. (Opinion, p. 23).

In this case, the Appellate Division examined Petitioner's most recent denial of parole and 60-month FET, and found Petitioner's claims, including the claims presented in this petition concerning the 1997 parole violation, "without sufficient merit to warrant discussion in a written opinion."

6

See Nudge v. New Jersey State Parole Bd., 2009 WL 36405 (N.J. App. Div. Jan. 8, 2009) (unpubl.).

Although the record is spotty, the portions of the record provided by Petitioner concerning his most recent parole denial and the imposition of the 60-month FET demonstrate that the Parole Board used proper procedures in both denying parole and establishing the FET. Attached to Petitioner's reply to the Respondents' Answer, Petitioner attaches portions of the record concerning the denial. See Docket entry 11, documents attached labeled Pa 15-16 and Pa 19-20.

Thus, this Court finds that Petitioner has failed to present evidence to rebut the factual determinations made by the Parole Board, and has not shown that the decisions affecting his parole revocation or parole denial involved an unreasonable application of clearly established federal or state law, or were based on an unreasonable determination of the facts. Accordingly, to the extent the petition could be construed as a challenge to Petitioner's most recent denial of parole, the petition must be denied for lack of merit.

## CERTIFICATE OF APPEALABILITY

Pursuant to 28 U.S.C. § 2253(c), unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken from a final order in a proceeding under 28 U.S.C. § 2254. A certificate of appealability may issue "only if the applicant

has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." Miller-El v. Cockrell, 537 U.S. 322, 327 (2003).

Here, Petitioner has failed to make a substantial showing of the denial of a constitutional right. Accordingly, no certificate of appealability will issue.

## CONCLUSION

For the foregoing reasons, the Petition for a Writ of Habeas Corpus, pursuant to 28 U.S.C. § 2254, is denied. The Court further finds that no certificate of appealability will issue because Petitioner has not made a substantial showing of the denial of a constitutional right, as required by 28 U.S.C. § 2253.

An appropriate Order accompanies this Opinion.

DENNIS M. CAVANAUGH
United States District Judge

Dated: 8/12/10